UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAROQ ALFATLAWI,

    Plaintiff,

CASE NO. 07-CV-12490-DT
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

GREYHOUND LINES, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS AND/OR IMPOSE SANCTIONS ON PLAINTIFF FOR FAILURE TO APPEAR AT SETTLEMENT CONFERENCE (Doc. Ent. 20)**

**I.**     **RECOMMENDATION:** The Court should deny defendant's motion to dismiss and/or impose sanctions on plaintiff for failure to appear at settlement conference. Doc. Ent. 20.

**II.**     **REPORT:**

**A.**     **Procedural History of this Case**

This case is based upon events which allegedly took place on January 24, 2006, when plaintiff was a passenger on defendant's bus. Plaintiff filed this lawsuit on June 11, 2007, alleging (I) violation of 42 U.S.C. § 1981; (II) assault and battery; (III) false imprisonment; (IV) conversion; and (V) intentional infliction of emotional distress. Doc. Ent. 1. Defendant answered the complaint on July 2, 2007. Doc. Ent. 6.

On August 16, 2007, Judge Roberts entered a Phase I scheduling order. That order set the settlement/status conference for January 18, 2008, at 10 a.m. Doc. Ent. 10 at 1. It provided that "[s]uch persons and entities are further ordered to prepare for and participate in the

settlement conference in objective good faith." It further provided that "**SANCTIONS WILL BE IMPOSED IF PERSONS WITH FULL SETTLEMENT AUTHORITY FAIL TO APPEAR.**" Doc. Ent. 10 at 2.[1]

B.   **The Instant Motion**

On January 8, 2008, Judge Roberts referred this case to me to conduct a settlement conference. Doc. Ent. 17. On January 18, 2008, I conducted a settlement conference at which defense counsel, Jon Feikens; defendant's Assistant General Counsel, Nancy Wurzman; and plaintiff's counsel, Shereef Akeel, appeared. At the conclusion of the conference, the case had not been resolved.

On February 11, 2008, defendant filed a motion to dismiss and/or to impose sanctions on plaintiff for failure to appear at settlement conference.[2] Defendant claims that Wurzman, who is headquartered in Dallas, Texas, "had full settlement authority when she came to the settlement conference on January 18." Defendant contends it was apparently "obvious to [plaintiff's] counsel that [plaintiff] was not going to be able to make the conference." Doc. Ent. 20 at 3. Defendant claims that it "made a final offer to Plaintiff's counsel toward the end of the settlement conference. Plaintiff's counsel, rather than saying a definitive yes or no to the settlement offer, indicated that he would call his client in Iraq about the settlement offer. After speaking with his client in Iraq for several minutes on the phone, Plaintiff's counsel declined

---

[1]On November 27, 2007, plaintiff filed a motion to compel discovery. Doc. Ent. 13. Judge Roberts entered an order denying in part plaintiff's motion on December 21, 2007. Doc. Ent. 16.

[2]As plaintiff points out in response, defendant's motion does not comply with E. D. Mich. LR 7.1(c)(1)(A)'s requirement that a brief accompany the motion. Doc. Ent. 23 at 8 n.2.

Defendant's settlement offer." Doc. Ent. 20 at 3-4.[3]

On February 25, 2008, plaintiff filed a response. Specifically, plaintiff argues that his attorney "had full settlement authority and appeared for the settlement conference in full compliance with this Honorable Court's scheduling order. Further, at the time of the settlement conference, Plaintiff was accessible by telephone and participated in the settlement discussions from Iraq." Doc. Ent. 23 at 5.[4]

**C.     Analysis**

1.     Defendant's motion is based upon Fed. R. Civ. P. 37(b)(2)(A), which governs sanctions for failing to comply with a discovery order. According to defendant, "it is obvious that the Plaintiff was well aware of the date for the settlement conference." Defendant contends that "[w]hile it is possible that counsel may be able to explain why the Plaintiff himself was unable to attend the conference, there is absolutely no way to explain why defense counsel was not advised of the Plaintiff's inability to come to the settlement conference." Doc. Ent. 20 at 4. Defendant contends that, when plaintiff did not arrive on the Wednesday, January 16th, as anticipated, a phone call by plaintiff's counsel to defense counsel "could have avoided the time and expense of having Nancy Wurzman attend the settlement conference to no purpose." Doc. Ent. 20 at 5. Defendant claims that its actual loss "in terms of dollars as a result of the failure of Plaintiff's

---

[3]Judge Roberts has referred this motion to me for report and recommendation. Doc. Ent. 21. Defendant's motion requests a hearing before me. Doc. Ent. 20 at 1. However, I decline to hear oral argument with respect to this motion, because I conclude that my authority on a motion to tax costs is limited to issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

[4]On February 22, 2008, defendant filed a motion for summary judgment. Doc. Ent. 22. Plaintiff has filed a response. Doc. Ent. 24. This motion is pending before Judge Roberts.

counsel to notify defense counsel of the Plaintiff's non-appearance is approximately two days of the attorney time of Nancy Wurzman, Assistant General Counsel of Greyhound lines [at least $1,000], her flight costs [$661] and the costs of her accommodations overnight in the Detroit area [$265.75]." Doc. Ent. 20 at 5-6. Defendants seeks "an Order imposing the sanction of dismissal and/or lesser monetary sanctions on the Plaintiff set forth in this motion." Doc. Ent. 20 at 6.

**2.** Plaintiff responds that he was in Iraq at the time of the settlement conference and "granted settlement authority to his attorney." He points out that he "was also available by phone and participated in the settlement conference from Iraq." Doc. Ent. 23 at 7. Plaintiff argues that the motion should be denied, and he should be "awarded attorney fees and costs for defending this frivolous motion." Doc. Ent. 23 at 8.

Specifically, he claims that he "traveled to Iraq in order to obtain employment with the United States Army as an Iraqi translator[,]" and he "was not able to return to Michigan to attend the scheduled settlement conference." Doc. Ent. 23 at 8. As plaintiff's counsel represents, plaintiff gave counsel "full settlement authority, and also provided [counsel] with a standby international telephone number in Iraq in the event that [counsel] needed to contact him." Furthermore, plaintiff's counsel contends that he made at least two offers, which defendant rejected, and defendant's counter offers were "of such nominal nuisance value that [plaintiff's counsel] was inclined to immediately reject [them][.]" However, he, in good faith, "advised Defendant that he would call Plaintiff in Iraq to confirm his inclination to reject the offer." Plaintiff's counsel spoke with his client in Iraq, plaintiff confirmed counsel's decision, and counsel rejected the offer. Doc. Ent. 23 at 9.

4

**3.** Fed. R. Civ. P. 37(b)(2)(a) provides that the Court may enter an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). With respect to the payment of expenses, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

**4.** The Court should deny defendant's motion to the extent it seeks dismissal. It should further deny the motion to the extent it seeks reimbursement in the amount of $1,926.75. Doc. Ent. 20 at 6.

To begin, the Court should agree with plaintiff that he fully complied with the Court's August 16, 2007, order. As plaintiff states, he "complied with the express language of the order, when he granted Mr. Akeel full settlement authority." Doc. Ent. 23 at 11.

Even if the Court determined that plaintiff failed to comply with its August 16, 2007, order, the Court should find that "the failure was substantially justified or other circumstances

make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  It appears that plaintiff's counsel "put forth a good faith effort to settle the matter." Doc. Ent. 23 at 11.  Additionally, plaintiff claims he was "unemployed while residing in the United States as a refugee, and traveled to Iraq with the specific intent to obtain employment as a translator for the US Military." Doc. Ent. 23 at 8 n.6.  Any effect of plaintiff's counsel's failure to immediately provide a yes or no answer was tempered by his good faith effort to settle the case when he contacted his client to confirm his suspicion that the counter offer should be rejected.  Doc. Ent. 23 at 12.  Furthermore, the Court should agree with plaintiff that "[d]efendant's position that it should have been notified of Plaintiff's inability to attend the settlement conference is irrelevant as Plaintiff fully complied with the Order."  Also, as plaintiff suggests, "Wurzman's attendance at the settlement conference was purposeful, as evidenced by 2 ½ hours of settlement negotiations." Doc. Ent. 23 at 13.

Upon consideration, I conclude it is not necessary to hold a hearing with regard to what took place between plaintiff and his counsel with respect to settlement authority, as defendant suggests.  Doc. Ent. 20 at 5.

**5.** Plaintiff has requested an award of "costs and attorney fees incurred in defending this frivolous motion." Doc. Ent. 23 at 2.  *See also* Doc. Ent. 23 at 13.  Notwithstanding plaintiff's allegations that defendant did not "participate in the settlement conference in good faith when it offered nominal nuisance value to settle the dispute[,]" Doc. Ent. 23 at 13, plaintiff's request should be denied on the basis that the issue presented by defendant's motion deserved review by this Court.

**III.** **NOTICE TO PARTIES REGARDING OBJECTIONS:**

6

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/24/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 24, 2008.

s/Eddrey Butts
Case Manager