UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAROQ ALFATLAWI,

    Plaintiff,

vs                                                     Case No: 07-12490
                                                     Honorable Victoria A. Roberts

GREYHOUND LINES, INC.,

    Defendant.

_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant Greyhound Lines, Inc.'s ("Defendant") "Motion for Summary Judgment Pursuant to FRCP 56." (Doc. #22). Defendant asks the Court to dismiss Plaintiff Faroq Alfatlawi's ("Plaintiff") federal claim and four state-law claims with prejudice.

For the following reasons, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**II.    BACKGROUND**

Plaintiff, an Iraqi refugee, purchased a bus ticket from Defendant to travel from Detroit, Michigan to Washington, D.C. Plaintiff arrived at the Greyhound bus terminal in Detroit with a plastic bag containing clothing and snacks. Plaintiff says when he presented the ticket to the bus driver, he asked Plaintiff where he was from. Plaintiff responded that he was Iraqi and Arabic. According to Plaintiff, the bus driver returned the ticket to him in an "uncomfortable" manner. Plaintiff also says the bus driver looked

1

at him before getting in the driver's seat.

The driver departed the Detroit terminal and stopped in Toledo, Ohio to allow passengers to use the restroom or smoke in the designated area. Plaintiff says he, along with more than ten other people, got off the bus to smoke. According to Plaintiff, he did not have time to finish his cigarette so he stomped it out on the ground before attempting to re-board.

Plaintiff was the last passenger in line to re-board and when he stepped onto the first step, the bus driver told Plaintiff he could not board because he was smoking on the bus. Defendant says this is a violation of federal law and company policy. According to Plaintiff, he denied the accusation, but the bus driver said, "I don't care. You're not going in the bus."

The bus driver also denied Plaintiff's request to get his belongings off the bus and called security. While the security guards were on their way to the bus, the bus driver whispered in Plaintiff's ear, "Get away, Arab."

When the guards arrived, Plaintiff informed them he would leave if he could get his belongings. Plaintiff's request was denied, and the bus driver asked the guards to take him away or he would not continue the trip. The guards took Plaintiff by his arms and put him on a wall away from the bus.

Meanwhile, Charlie Higgins ("Mr. Higgins"), the bus terminal manager, came outside. After speaking with the bus driver, Mr. Higgins informed Plaintiff that he was not allowed on the bus. The bus then departed. Plaintiff waited inside the terminal for four to five hours until another Washington, D.C. bound bus arrived. Plaintiff boarded and eventually arrived in Washington, D.C.

On June 11, 2007, Plaintiff filed a Complaint asserting the following claims: (1) violation of 42 U.S.C. §1981; (2) assault and battery; (3) false imprisonment; (4) conversion; and (5) intentional infliction of emotional distress. Plaintiff requests punitive damages for his federal claim.

Defendant filed this motion on February 22, 2008.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial,

3

summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

### A. 42 U.S.C. §1981

#### 1. Race Discrimination

Under 42 U.S.C. §1981(a)-(b):

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

To prevail on a claim of race discrimination under this statute, Plaintiff must meet the burden-shifting standard of proof for Title VII cases established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). *Christian v. Wal-Mart Stores*, 252 F.3d 862, 868 (6th Cir. 2001) (citations omitted). Plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence. The burden of production then shifts to Defendant to articulate a legitimate, non-discriminatory reason for its actions. If Defendant meets its burden, Plaintiff must then prove by a preponderance of the evidence that Defendant's proffered reason is a pretext for discrimination. *Id.* (citations omitted).

4

The parties disagree on the elements Plaintiff must prove to establish a *prima facie* case. Defendant says Plaintiff must prove the elements adopted in *Christian*:

    (1)    plaintiff is a member of a protected class;
    (2)    plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and
    (3)    plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Christian*, 252 F.3d at 872. Plaintiff says he must prove the following elements:

    (1)    he belongs to an identifiable class of persons who are subject to discrimination based on their race;
    (2)    the defendant intended to discriminate against him on the basis of race; and
    (3)    the defendant's discriminatory conduct abridged a right enumerated in section 1981(a).

*Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006) (citing *Christian*, 252 F.3d at 871-72).

The Court finds the *Christian* elements are more appropriate because: (1) they are used to establish a *prima facie* case in the commercial establishment context; and (2) a plaintiff asserting a 42 U.S.C. §1981 needs to prove intentional discrimination, but not as an element of the *prima facie* case. *Christian*, 252 F.3d at 870, 872. Based on these elements, Plaintiff can establish a *prima facie* case of discrimination.

Defendant concedes Plaintiff meets the first element. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

As to the second element, Plaintiff had a contract for services ordinarily provided by Defendant. He paid Defendant to take him from Detroit, Michigan to Washington,

5

D.C. on bus schedule number 4414. Plaintiff sought to enforce the contract when he attempted to re-board the bus in Toledo, Ohio. This element is met.

There is a genuine issue of material fact regarding the third element. Specifically, whether Plaintiff was deprived of services while similarly situated persons outside his protected class were not, is a question of fact. Plaintiff presented his deposition testimony and the deposition testimony of Diana Gaines ("Ms. Gaines"), another passenger on the bus. Ms. Gaines corroborated Plaintiff's testimony that he was not allowed to re-board the bus, but other people who got off to smoke did re-board. Although Plaintiff caught another Greyhound bus from Toledo, Ohio to Washington, D.C., this was not part of his original contractual relationship. A reasonable jury could decide Plaintiff was deprived of Defendant's obligation to take him to Washington, D.C. on bus schedule number 4414 based on ethnicity.

The legitimate, non-discriminatory reason Defendant articulates for prohibiting Plaintiff from re-boarding the bus is that Plaintiff violated a federal law and company policy by smoking on the bus. However, a genuine issue of material fact exists regarding whether Defendant's proffered reason is a pretext for discrimination. Ms. Gaines testified that she remained on the bus during the stop in Toledo, Ohio and did not see Plaintiff smoking on the bus or try to re-board the bus with a cigarette; she only saw him outside with a cigarette.

Plaintiff presents sufficient evidence to overcome Defendant's request for summary judgment on this claim.

### 2. Punitive Damages

Plaintiff may only recover punitive damages under 42 U.S.C. §1981 if he can

show the bus driver's conduct was driven by evil motive or intent or involved a reckless or callous indifference to Plaintiff's federally protected rights. *See Beauford v. Sisters of Mercy-Province of Detroit, Inc.*, 816 F.2d 1104, 1108-09 (6th Cir. 1987) (citations omitted).

Although the punitive damages standard is higher than the standard for liability for discrimination, *Beya v. Hoxworth Blood Ctr.*, 1999 WL 137625 at *5 (6th Cir. March 3, 1999) (citations omitted), a review of the record shows sufficient evidence to submit to the jury the issue of whether the bus driver's conduct was driven by evil motive or intent.

### B. Assault and Battery

An assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v. Thomas*, 189 Mich.App. 110, 119 (1991) (citing *Tinkler v. Richter*, 295 Mich. 396, 401 (1940)). "A battery is the willful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *Id.*

Plaintiff says the bus driver committed an assault when he said, "Get away, Arab." Plaintiff says this statement made him scared and shiver because he did not know what the bus driver's intentions were or what he was thinking. But, this statement does not rise to the level of an assault; the bus driver did not threaten Plaintiff with corporal injury or force that would create a well-founded apprehension of imminent contact.

7

Plaintiff also says the security guards committed a battery when they touched his arms in an offensive manner while putting him on the wall. The Court finds this conduct does not constitute a battery. *See Whitfield v. Meijer, Inc.*, 2004 WL 357718 at *2 (Mich.App. Feb. 26, 2004) ("Plaintiff's claim for assault or battery based upon the touching of his arm was properly dismissed by the trial court.").

### C. False Imprisonment

"False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Stowers v. Wolodzko*, 386 Mich. 119, 134 (1971). To succeed on his false imprisonment claim, Plaintiff must prove: (1) an act was committed with the intent of confining him; (2) the act directly or indirectly resulted in such confinement; and (3) he was conscious of the confinement. *Adams v. Nat'l Bank of Detroit*, 444 Mich. 329, 341 (1993).

Plaintiff argues he was falsely imprisoned when the security guards put him on the wall and deprived him of his personal liberty and freedom of movement.

The Court finds Plaintiff cannot succeed on this claim. He stated at his deposition that the security guards placed him on the wall while Mr. Higgins spoke with the bus driver. Once the conversation ended, Plaintiff was released and went inside the bus terminal. This brief confinement or restraint is insufficient for a false imprisonment claim. *See Moore v. City of Detroit*, 252 Mich.App. 384, 388 (2002).

### D. Conversion

Conversion is a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights. *Nelson & Witt v. Texas*

8

*Co.*, 256 Mich. 65, 70 (1931) (citations omitted).  Conversion may be committed by refusing to surrender chattel on demand.  *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960) (quoting Restatement (First) of Torts §223).

Plaintiff says he asked for his belongings twice, but his request was denied both times.  A genuine issue of material fact exists regarding whether the bus driver converted Plaintiff's clothing and food.

### E. Intentional Infliction of Emotional Distress

To succeed on his claim for intentional infliction of emotional distress, Plaintiff must prove: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.  *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985).

Although Plaintiff says he was scared, humiliated, and embarrassed by the bus driver's conduct, and emotional distress encompasses these mental reactions, *See Haverbush v. Powelson*, 217 Mich.App. 228, 235 (1996) (quoting Restatement (Second) of Torts §46), Plaintiff cannot prove he suffered *severe* emotional distress.  The record does not support a finding that Plaintiff's alleged distress was so severe that no reasonable man could be expected to endure it.  Without this finding, Plaintiff cannot establish a claim for intentional infliction of emotional distress.  *See id.*

### V. CONCLUSION

Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.  The Court dismisses Plaintiff's assault and battery, false imprisonment, and intentional infliction of emotional distress claims.  The case will proceed on Plaintiff's claim pursuant to 42

U.S.C. §1981 (including his request for punitive damages) and his conversion claim.

**IT IS ORDERED.**

                                                    /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: April 29, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 29, 2008.

s/Linda Vertriest
Deputy Clerk

---